UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00154-JRS-MJD |
| | ) | |
| J. R. BELL, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

William Oscar Harris, an inmate at the Federal Correctional Institution in Terre Haute, Indiana (FCI Terre Haute), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition must be dismissed.

### I. The Petition

Mr. Harris's petition identifies four grounds for relief. Each is directed toward his transfer to the "CMU" at the FCI Terre Haute. For relief, he requests an order that the respondent: (1) transfer him out of the CMU to a location within 500 miles of family consistent with the First Step Act, (2) set criteria for completion of the CMU, (3) process his application for home detention under the Elderly Offender Home Detention Program, (4) give him the same privileges as general population, and (5) give all inmates a due process hearing before placement in the CMU.

### II. Discussion

Mr. Harris's habeas petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily

dismissed. Rule 4. A federal court may issue the writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rose v. Hodges,* 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

As discussed below, Mr. Harris's claims and requests for relief are not properly brought pursuant to § 2241.

A. *CMU Claims*

Most of Mr. Harris's claims and requests for relief relate to his transfer to the CMU at the FCI Terre Haute. The Court must independently evaluate the substance of these claims to determine if the correct statute—in this case 28 U.S.C. § 2241—is invoked. *Bunn v. Conley,* 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States,* 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A habeas petition, such as Mr. Harris's § 2241 petition, is properly used to challenge only "the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012). A habeas petition is not the appropriate avenue to challenge prison conditions. In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that []he must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

Mr. Harris's challenges to his confinement in the CMU are all challenges to the conditions under which he is being held, not the fact or duration of his confinement. Accordingly, this habeas

petition is not the proper vehicle to challenge the continuing confinement in the CMU. The Court notes that the challenges to the conditions of his confinement might be the proper subject of a civil rights complaint, but the Court will not convert this case to a civil rights case. *Cf. Robinson,* 631 F.3d at 841. Mr. Harris may file a civil rights complaint regarding the conditions of his confinement if he chooses to do so. He should be aware that any civil rights case will be subject to a $400 filing fee and the screening requirement of 28 U.S.C. § 1915A. Further, he may be assessed a "strike" if the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g).

B. *Request for Placement*

Similarly, Mr. Harris's request to be transferred to a location that is within 500 miles of his family under the First Step Act must be dismissed because the First Step Act specifically provides: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C.A. § 3621(b). The Court therefore lacks jurisdiction to review Mr. Harris's placement determination.

C. *Application for Home Detention*

Finally, Mr. Harris's request that the Court direct the respondent to process his application for home detention under the Elderly Offender Home Detention Program cannot proceed in this case because § 2241 is not the proper avenue to seek such relief.

The Court notes that three statutes govern the discretion of the Bureau of Prisons (BOP) to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who

participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement. Regarding elderly prisoners, the First Step Act states:

> the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.

34 U.S.C. § 60541(g)(1)(B). This statute permits an inmate to submit a request for early release to the Attorney General, but it does not provide an avenue for relief through the Court.

In another section, the First Step Act permits a motion from a prisoner for a reduction in the term of his imprisonment if certain criteria are met. The Act modifies 18 U.S.C. § 3582(c)(1)(A) to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under this part of the statute, the prisoner may file a motion under § 3582 in the Court where he was sentenced, but it does not allow for relief under § 2241. In other words, while this law may provide Mr. Harris the relief he seeks, he cannot obtain it through this habeas petition.

## III. Conclusion

For the reasons discussed above, Mr. Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shows on its face that he is not entitled to relief. Accordingly, the petition is dismissed with prejudice under Rule 4 of the Rules Governing Section 2254 Cases. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/5/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM OSCAR HARRIS
40743050
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808